Richard ESSEN, Plaintiff,

v.

Leonard R. MELLON, Executive Director of the Florida Department of Highway Safety and Motor Vehicles, and Bobby Burkett, Director of the Division of Highway Patrol of the Florida Department of Highway Safety and Motor Vehicles, Defendants.

No. 90–2243–CIV.

United States District Court,
S.D. Florida.

Oct. 12, 1990.

Arthur Walberg, Asst. Atty. Gen., Tallahassee, Fla., for defendant.

Enoch Whitney, Gen. Counsel, Tallahassee, Fla., Dept. of Highway Safety & Motor Vehicles.

Ross Bricker, Miami, Fla., on behalf of ACLU, for plaintiff.

Karen Gievers, Miami, Fla., on behalf of Operation Safe Drive.

## ORDER

MORENO, District Judge.

THIS CAUSE came before the Court upon the plaintiff's Complaint for Injunctive and Declaratory Relief under Titles 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201, 1331, and 1343. The plaintiff is an attorney who represents drivers whose licenses have been affected by a new Florida state stat-

ute, specifically F.S. § 322.2615. Such statute provides for immediate suspension of a person's driver's license upon that driver's refusal to take a blood alcohol level test or if upon taking such test, it reveals a blood alcohol level of .10% or above in violation of F.S. § 316.193. The plaintiff in addition to challenging the newly enacted driving law, also moved for a temporary restraining order to enjoin the state of Florida from enforcing the "Decorum Rule", *Fla.Admin.Code Ann.R.* 15A–6.016.

The plaintiff's motion for entry of a temporary restraining order and preliminary injunctive relief was filed on Thursday, September 27, 1990. A hearing, with notice to all parties and their attorneys, was held on Monday, October 1, 1990, where counsel for all parties agreed to reschedule an evidentiary hearing for Tuesday, October 9, 1990. On that date, Counsel filed extensive memoranda in support of their positions, and indicated that they would not present any evidence other than the affidavits filed. Prior to the commencement of that evidentiary hearing on the application for a preliminary injunction, the Court inquired from counsel if they would present any other evidence at the trial on the merits of the complaint. Both sides agreed that no evidence would be needed other than that presented at this hearing, although further memoranda could be filed stating legal positions.

Pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure, the Court consolidates the hearing for a preliminary injunction with a trial on the merits since they both involve the identical issues and neither side intends to present any evidence subsequent to this hearing.

The Court grants the plaintiff's request for preliminary injunctive relief as to certain portions of the "Decorum Rule" but denies it as to Florida Statute § 322.2615.

## THE DECORUM RULE

█ The "Decorum Rule" specifically states what behavior and speech is proscribed at the administrative review hearings for those individuals whose driver's licenses have been suspended. Rule 15A–6.016 subsections 2(a), (b), and (c) require all persons appearing at the administrative suspension review hearings to abide by the following:

(a) Avoid disparaging personal remarks or conduct toward any other person, State agency or other body.

(b) Avoid any vulgarity, shouting or swearing.

(c) Avoid making any gestures, facial expressions, audible comments or the like, as manifestations of approval or disapproval during the testimony of witnesses or at any other time.

The Rule further prohibits smoking, eating and drinking during the hearing. If the Rule is violated, the hearing officer may terminate the review hearing after a warning has been given.

█ The plaintiff has alleged in his amended complaint and affidavit that he is representing individuals whose licenses have been suspended pursuant to the newly enacted statute and whose review hearings will be held in the near future subject to the application of this rule. Thus, plaintiff, as an attorney or representative, has standing to challenge the specific administrative "Decorum Rule".

Such "Decorum Rule" is a clear violation of the First Amendment of the United States Constitution which precludes the Government from "abridging the freedom of speech". Since the plaintiff has filed this complaint as an attorney on behalf of other drivers, the Court does not discuss his clients' rights to counsel and due process as guaranteed by the United States Constitution.

█ As it relates to plaintiff Richard Essen, it is clear that the First Amendment does not authorize restriction on pure speech merely for the purpose of protecting judges, or administrative hearing officers from criticism. *See Chicago Counsel of Lawyers v. Bauer,* 522 F.2d 242 (7th Cir.1975) *cert. denied, sub nom, Cunningham v. Chicago Council of Lawyers,* 427 U.S. 912, 96 S.Ct. 3201, 49 L.Ed.2d 1204 (1976). The three subsections of the rule deny plaintiff's First Amendment Right to

free speech and thus are unconstitutional prior restraint of expression. *See Houston v. Hill,* 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987).

## STANDING

■ The plaintiff's complaint, insofar as it seeks to enjoin enforcement of the driver's license suspension provisions of the Florida driving under the influence Statute, is dismissed for failure to set forth sufficient allegations to show how he, as an attorney, has suffered an actual or prospective injury as a result of the enactment of such statute. The plaintiff's affidavit and amended complaint alleges that he represents persons accused of driving under the influence of alcohol and that he, the plaintiff attorney, is a driver in Florida. Such allegations and evidence fall far short of the requisite standing to show that a case or controversy exists. Unlike the plaintiffs in *Smith v. Meese,* 821 F.2d 1484 (11th Cir.1987), and in *Sims v. Fla. Dept. of Highway Safety and Motor Vehicles,* 862 F.2d 1449 (11th Cir.1989), this plaintiff, as an attorney, or even a driver whose license has never been suspended, has not suffered an actual injury or demonstrated the imminence of such injury. Without such demonstration the complaint, as it relates to enjoining enforcement of the statute, must be dismissed. *See Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982); *Federal Deposit Insurance Company v. Morley,* 867 F.2d 1381 (11th Cir.1989); *Northeastern Florida Chapter v. Jacksonville, Fla.* 896 F.2d 1283 at 1287. n. 1 (11th Cir.1990) (C.J. Tjoflat's concurring opinion).

Although the plaintiff has raised strong arguments of constitutional dimension related to Florida Statute § 322.2615, and the defendants and the intervenor have addressed strong policy arguments for the validity and need of such statute, this Court has a duty to resist the temptation to discuss such issues where the plaintiff has no standing.

WHEREFORE, the Complaint is dismissed with the exception of the allegations related to the Florida Administrative Rule 15A–6.016. The Department of Highway Safety and Motor Vehicles is hereby enjoined from enforcing such rule at any suspension review hearing.

DONE and ORDERED.